**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM ANTONIO AVERY, #L6355** § | | **PLAINTIFF** |
| § | | |
| **V.** § | | **Civil Action No. 4:11cv166-HTW-LRA** |
| § | | |
| **DANIEL BOYD, GREG LEA, KARL** § | | |
| **MERCHANT, JESSE FAIRCHILD,** § | | |
| **CHRIS SCOTT, PAUL EARLEY, AL** § | | |
| **BROWN, and JASON WIGGINS** § | | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT are *pro se* plaintiff William Antonio Avery's pleadings. He is incarcerated with the Mississippi Department of Corrections. He brings this action for false arrest arising out of a March 30, 2010, traffic stop, which lead to his current incarceration. The court has considered and liberally construed the pleadings. This case is dismissed at this time.

### FACTS AND PROCEDURAL HISTORY

On March 30, 2010, Avery was arrested after a traffic stop, charged with sale of crack cocaine and felony fleeing from a police officer. Defendants Daniel Boyd, Greg Lea, Karl Merchant, Jesse Fairchild, Chris Scott, Paul Earley, Al Brown, and Jason Wiggins are alleged to be Meridian Police and Lauderdale County Sheriff's Officers involved in the seizure. Specifically, Avery was accused of selling crack to a

confidential informant, during a controlled buy arranged by some of the defendants. Afterwards, when police tried to stop his vehicle, they accused him of fleeing from them. A Lauderdale County jury convicted him of both charges on October 13. He was sentenced, as an habitual offender, to serve 60 years, without parole, on the drug charge in the custody of the MDOC. He was sentenced to serve five years on the fleeing conviction.

Subsequently, Avery appealed to the Mississippi Court of Appeals. His reply brief was filed recently on October 26, 2011. The appeal is still pending.

On October 14, 2011, Avery filed the instant action challenging the constitutionality of the traffic stop and arrest. He claims the seizure was without probable cause, and he seeks compensatory and punitive damages from defendants.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have

not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The court has permitted Avery to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

A Section 1983 claim that challenges the fact or duration of a State sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Where success on the §1983 claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

A false arrest claim can be subject to the *Heck* bar. *Club Retro, LLC v. Hilton*, 568 F.3d 181, 204 n.18 (5th Cir. 2009). There are some circumstances in which a false arrest claim would not necessarily imply the invalidity of the conviction, however. *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). Nevertheless, where the conduct that gave rise to the probable cause is the same conduct that gave rise to the conviction, *Heck* applies. *Cano v. Bexar Cnty.*, 280 F. App'x 404, 408 (5th Cir. June 4, 2008) (cert. denied, 555 U.S. 1036 (2008)).

Avery claims, first, there was no probable cause to believe he had committed a traffic violation "because he did not acknowledge an F-150 Ford extended cab truck[1] as a police patrol unit." (Dkt. 2 at 2). He also challenges probable cause for his arrest by arguing "defendants . . . conspired to arrest Plaintiff by having a drug addict, whom they arrested earlier that day . . . for . . . possession of precursors to act as an informant (CI) in a stage[d] drug transaction to stop and arrest Avery." *Id.* at 8. He accuses defendants of a set up by having "someone say that Plaintiff sold him drugs." *Id.* at 10.

Avery's attack on probable cause is actually an attack on his underlying convictions. He basically argues there was no probable cause to arrest him for fleeing a police officer because he did not know the first defendant was a police officer. He argues that there was no probable cause for the drug arrest because it was a false accusation. This case would necessarily require the court to assess the validity of the State court convictions and resulting confinements. Avery alleges that the convictions have not been invalidated, as they are currently on appeal.

Therefore, the action is barred by *Heck* and may not yet proceed. The case is dismissed with prejudice for failure to state a claim until such time as Avery successfully has the State court convictions invalidated, via appeal, post conviction relief, habeas, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). This dismissal counts as a strike under Title 28 U.S.C. § 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

---

[1] He alleges the officer who attempted to pull him over was driving an unmarked truck. "Avery sped off and was stopped later by a parade of police unit[s]." *Id.* at 3.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITH PREJUDICE** for failure to state a claim until such time as *pro se* plaintiff William Antonio Avery has the convictions invalidated.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED, this the 23rd day of November, 2011.**

           **s/ HENRY T. WINGATE**
           **UNITED STATES DISTRICT JUDGE**

Civil Action No. 4:11-cv-166 HTW-LRA
Memorandum Opinion and Order of Dismissal